STEVEN A. GROODE, Bar No. 210500
sgroode@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

RAE CHUNG, Bar No. 318300
rchung@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendant
BUZZFEED, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA PALELLA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BUZZFEED, A DELAWARE CORPORATION, AND DOES 1-20, INCLUSIVE,<br><br>　　　　　　Defendants. | Case No. 2:20-cv-03213-PA (Ex)<br><br>**ORDER UPON STIPULATION OF THE PARTIES TO SUBMIT CLAIMS TO BINDING ARBITRATION** |

**ORDER UPON STIPULATION**

Pursuant to the Stipulation of the parties, and good cause appearing therefor, IT IS HEREBY ORDERED that Plaintiff Alyssa Palella's claims in the above-captioned matter shall be submitted to binding arbitration.

Here, the parties agreed to submit this entire action to binding arbitration. The Court concludes that a valid agreement to arbitrate exists and that it encompasses the claims at issue in this action. Accordingly, the parties' Stipulation is granted in part.

Because all of Plaintiff's claims are subject to arbitration, the Court exercises its discretion to dismiss this action. See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that district court did not err in dismissing claims subject to arbitration and noting that FAA allows but does not require a stay of court proceedings); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (affirming trial court's dismissal of claims referred to arbitration); Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978) (affirming grant of summary judgment where claims were subject to arbitration); see also Pleasant v. Dollar Gen. Corp., No. EDCV 14-02645 JGB (KKx), 2015 WL 12811236, at *3 (C.D. Cal. Feb. 18, 2015) ("[T]he Ninth Circuit has held that courts have discretion to dismiss claims that are subject to an arbitration agreement.

Therefore, having referred Plaintiff's claims to arbitration, the Court dismisses the action without prejudice.

DATED: May 11, 2020

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE